UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KATHY JO DEPOY, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CAUSE NO. 3:06-CV-843 RM |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant ) | |

### OPINION AND ORDER

Kathy Jo Depoy seeks judicial review of the final decision of the Commissioner of Social Security denying her application for Supplemental Security Income (SSI) under Title XVI the Social Security Act, 42 U.S.C. § 42 U.S.C. § 1381 *et seq*. The court has jurisdiction over this action pursuant to 42 U.S.C. § 1383(c)(3). For the reasons that follow, the Commissioner's decision is reversed and the cause remanded.

### BACKGROUND

Ms. Depoy applied for SSI in March 2003, alleging an onset of disability as of April 30, 2001 due to depression, fibromyalgia, high blood pressure, diabetes, mild congestive heart failure, chronic obstructive pulmonary disease, sleep apnea, shortness of breath, eye problems, fatigue, edema, low back pain, and asthma. Her application was denied initially, on reconsideration, and following an administrative hearing in July 2005, at which she was represented by counsel. At

that hearing, the administrative law judge heard testimony from Ms. Depoy, her daughter and son-in-law, Sharon and Kenneth Copeland, and vocational expert Joseph Thompson. The ALJ found that Ms. Depoy had some severe physical impairments, but still could perform her past relevant work, and so was not disabled within the meaning of the Act. *See* 20 C.F.R. § 416.920(f). When the Appeals Council denied Ms. Depoy's request for review, the ALJ's decision became the Commissioner of Social Security's final decision. 20 C.F.R. §§ 416.1455 and 416.1481; Fast v. Barnhart, 397 F.468, 470 (7th Cir. 2005). This appeal followed.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court must affirm the Commissioner's determination if it is supported by substantial evidence, see Clifford v. Apfel, 227 F.3d 863, 869 (7th Cir. 2000), which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). The substantial evidence analysis prevents the court from "reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility"—in short, substituting its own judgment for that of the Commissioner, Williams v. Apfel, 179 F.3d 1066, 1071-1072 (7th Cir. 1999); accord Powers v. Apfel, 207 F.3d 431, 434-435 (7th Cir. 2000)—but the court will not simply "rubber-stamp the Commissioner's decision without a critical review of the evidence." Clifford v. Apfel, 227 F.3d at 869.

2

DISCUSSION

Using the standard five-step evaluation for determining disability, the ALJ found that while Ms. Depoy suffered from severe lower lumbar spondylosis, sleep apnea, asthma and obesity, her other impairments–depression, diabetes mellitus, hypertension, congestive heart failure, vision problems, and fibromyalgia–either were not severe or were not supported by objective medical evidence and were "undeterminable." Rejecting the opinions expressed by treating physician Christian Sessa, the ALJ found that Ms. Depoy didn't have a psychological impairment that met Listing 12.04 (Affective Disorders), and didn't have any impairment, or combination of impairments, of listing severity. The ALJ found that Ms. Depoy's testimony concerning the intensity, duration and limiting effects of her symptoms was "not wholly credible," and concluded on the basis of the vocational expert's testimony that Ms. Depoy retained the residual functional capacity to perform her past relevant work as a receptionist and clerk typist. The ALJ concluded that Ms. Depoy was not disabled and was not entitled to benefits.

Ms. Depoy contends that the medical evidence submitted by Dr. Sessa proves that her psychological impairment was severe enough to meet the requirements of Listing 12.04, and that the ALJ's findings with respect to Dr. Sessa's opinions, her credibility, and her residual functional capacity were not supported by substantial evidence and were not well-reasoned. Ms. Depoy asks the court to reverse the ALJ's decision, find that she met the requirements of Listing 12.04 and is disabled as a matter of law, and award benefits.

3

A. *Severity of the Mental Impairment*

Ms. Depoy submitted medical records and letters in which her treating physician, Dr. Christian Sessa, stated that Ms. Depoy suffered from severe physical and mental impairments, that she met the requirements of Listing 12.04, and that she was "unable to hold an eight hour a day job" and was "totally disabled." She contends that Dr. Sessa's opinions were entitled to controlling weight and conclusively established disability, and that the ALJ erred in rejecting those opinions. While the court agrees that the ALJ's analysis of Ms. Depoy's mental impairment is flawed, her assertion that the evidence of record conclusively establishes disability is inaccurate.

In his letter of November 13, 2003, Dr. Sessa stated that:

> Based on all of her medical problems, particularly as of late, we discovered [Ms. Depoy] to be hypoxic at night…Having oxygen on board at night has been quite helpful, but it was obvious she needed a much larger evaluation. Sleep apnea study was done and she is now on continuous positive airway pressure. It is too early to tell how helpful that is, but at this point in time it is quite clear that she cannot, in my opinion, hold an eight hour a day job and she cannot do any kind of labor whatsoever. She gets short of breath easily. Her fibromyalgia and depression are also quite limiting her ability to function…Without help from her family, she probably would not be able to function in society.

(A.R. 183).

On May 4, 2005, Dr. Sessa sent Ms. Depoy's attorney an update to his November 13, 2003 report, in which he stated:

> [Ms. Depoy's] diagnosis still includes depression, diabetes, hypertension, fibromyalgia, sleep apnea, chronic obstructive pulmonary disease, obesity and hyperlipidemia. Her mood, anxiety,

4

>   judgment, and depression have increased and severely limits her ability to function. She has a pervasive loss of interest in almost all activities, she has sleep disturbance, decreased energy, difficulty concentrating or thinking, and she has marked restriction in her daily activities of living, and marked difficulties in maintaining concentration or pace. I believe that she meet the requirements of the listings under 12.04.
>
>   In addition to her severe psychological problems, her physical problems prevent her from lifting more than ten pounds occasionally, by occasionally I mean once or twice an hour for a two hour period, sitting, standing, pushing, pulling or reaching only occasionally. It is my opinion that, given all of her medical and psychological problems, she is totally disabled.

(A.R. 293).

The ALJ gave no weight to Dr. Sessa's opinions on Ms. Depoy's mental status and ability to work, noting that Dr. Sessa was a family practitioner and not a specialist in the treatment of mental impairments, and that his opinions were not supported by objective medical findings and were inconsistent with the course of treatment he prescribed (or didn't prescribe), Dr. Sessa's own medical records which showed that Ms. Depoy's mental condition was stable, and the opinion of a consulting state agency psychologist, Dr. Unersaw, who found that Ms. Depoy had only mild impairments in functional abilities and noted that she hadn't been hospitalized for psychiatric problems, had received no mental health counseling, was capable of individual care, could perform easy household chores, and got along with friends.

The ALJ acknowledged that Ms. Depoy had a history of depression, as shown by Dr. Sessa's medical records and a report by consulting physician Adlo

5

Buonanno, who examined Ms. Depoy in June 2003 and diagnosed major depression, recurrent, moderate and indicated that Ms. Depoy had a Global Assessment of Functioning (GAF) score of 60, but noted that Dr. Sessa had reported on April 8, 2002 that her condition was stable. Relying on the findings of the agency's consulting psychologist, Dr.Unersaw, the ALJ determined that Ms. Depoy experienced only mild limitations in functioning, had no documented repeated episodes of decompensation, and was able to function independently outside the area of her home. He concluded that her depression did not meet the requirements of Listing 12.04 and was not a severe impairment.

Ms. Depoy contends that the ALJ's reasons for rejecting Dr. Sessa's diagnosis and opinions are inadequate. The court disagrees.

A treating physician's medical opinion is entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence." 20 C.F.R. § 404.1527(d)(2); Clifford v. Apfel, 227 F.3d at 870. But Dr. Sessa's opinions on the severity of Ms. Depoy's depression and related functional limitations are not supported by any objective medical findings or test results, and are inconsistent with other medical evidence in the record–specifically the assessments completed by Dr. Buonanno and Dr. Unersaw. Dr. Sessa's opinions appear to be based solely on Ms. Depoy's subjective complaints, and his records from December 2001 through November 2003 repeatedly show that her depression generally was stable and responsive to medication (Zoloft and Wellbutrin SR). While Dr. Sessa's office

6

records from November 2003 to January 2005 note that Ms. Depoy complained of increased anxiety and depression, there was no apparent change in the course of treatment recommended or received.

The ALJ reasonably concluded on the basis of the record that Ms. Depoy's mental impairment didn't meet the requirements of Listing 12.04. But a mental impairment can be severe enough to limit functional capacity without rising to the level of a listed impairment. The ALJ acknowledged that Dr. Buonanno diagnosed major depression, recurrent, moderate and indicated Ms. Depoy had a GAF score of 60, but nevertheless found that Ms. Depoy's depression imposed only mild limitations on her functional abilities and was not a severe impairment. He didn't indicate what weight, if any, he accorded Dr. Buonanno's opinion, and didn't explain how Dr. Buonanno's opinion was consistent with his finding that Ms. Depoy experienced only mild limitations in functioning due to depression when her GAF score evidenced moderate limitations.[1] The ALJ rejected opinions offered by two state agency physicians, Dr. A. Landwehr and Dr. J. Gaddy, because they didn't examine or treat Ms. Depoy, but gave controlling weight to Dr. Unersaw's assessment of Ms. Depoy's mental impairment, even though he too had never treated or examined Ms. Depoy. While there may be logical and reasonable explanations for these inconsistencies, the ALJ did not provide any.

---

[1] The Commissioner acknowledged in his brief that a GAF score of 60 is indicative of *moderate* symptoms or moderate difficulty in social, occupational, or school functioning. Diagnostic & Statistical Manual of Mental Disorders, 4th Ed. Text Revision, p. 34. [Docket No. 17 at p.3, n.3].

7

### B. *Residual Functional Capacity*

Ms. Depoy contends that the ALJ's residual functional capacity determination is flawed because the ALJ didn't consider how all of her symptoms, physical *and* psychological, affected her functional abilities. The court agrees.

Residual functional capacity is an assessment of the work-related activities a claimant is able to perform despite the limitations imposed by an impairment or combination of impairments. Young v. Barnhart, 362 F3d at 1000; 20 C.F.R. § 404.1545(a)(1). The claimant's credibility plays a key role in that assessment, and her testimony and subjective complaints must be evaluated in light of all the evidence, including such things as work history, demeanor, daily activities, medications, nature and frequency of pain, aggravating factors, and the medical evidence. Pope v. Shalala, 998 F.2d 473, 485-486 (7th Cir. 1993); Social Security Ruling 96-7p. The ALJ's credibility determination is entitled to deference, if it is supported by substantial and convincing evidence, Sims v. Barnhart, 442 F.3d 536, 537 (7th Cir. 2006); Jens v. Barnhart, 347 F.3d 209, 219 (7th Cir. 2003), and will not be upset unless "patently wrong." Luna v. Shalala, 22 F.3d 687, 690 (7th Cir. 1994).

The ALJ found that Ms. Depoy's testimony about her physical limitations–the ability to sit, stand, and walk–wasn't wholly credible because it wasn't supported by the objective medical evidence and because she testified at the hearing that her diabetes was uncontrolled, when the medical evidence generally showed that it was well-controlled and that she was non-insulin

8

dependant. Whether his analysis would have satisfied the requirements of Social Security Ruling 96-7p if there had been no evidence of a mental impairment, is subject to dispute. But there was evidence of a mental impairment–the severity of which must be reevaluated–and the ALJ's credibility determination and residual functional capacity assessment contain no discussion of that evidence, which included Ms. Depoy's testimony regarding the symptoms and limitations caused by her mental impairment, the corroborating testimony of her daughter and son-in-law, and Dr. Buoanno's June 8, 2003 assessment evidencing moderate limitations in Ms. Depoy's functional abilities.

The ALJ must apply the factors set out Social Security Ruling 96-7p to all of the evidence and build an "accurate and logical bridge from the evidence to his conclusions." Scott v. Barnhart, 297 F.3d 589, 595 (7th Cir. 2002). He has not done so in this case.

## CONCLUSION

For these reasons, the court REVERSES the decision of the Commissioner of Social Security, and REMANDS for further administrative proceedings.

SO ORDERED.

ENTERED:   March 26, 2008

/s/ Robert L. Miller, Jr.
Chief Judge, United States District Court
Northern District of Indiana