UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KATHY JO DEPOY, | ) |
| *Plaintiff* | ) ) ) |
| vs. | ) CAUSE NO. 3:06-CV-843 RM ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) |
| *Defendant* | ) |

## OPINION AND ORDER

The plaintiff's attorney, Alfred Plummer, III, seeks to reopen this case to pursue a motion for attorney fees under 42 U.S.C. § 406(b). The court denied his original motion [Doc. No. 23], but granted leave to file an amended motion properly alleging jurisdiction. Mr. Plummer's amended petition to reopen pends before the court. For the following reasons, the petition [Doc. No. 26] is DENIED.

In its October 23 order, the court found that 42 U.S.C. § 406(b), the basis for jurisdiction asserted in Mr. Plummer's original motion, was inapplicable in a Title XVI supplemental security income case such as this, that the court therefore lacked authority to order the defendant to withhold attorney fees from SSI benefits, and that its original jurisdiction under 42 U.S.C. § 1383(c) ended when final judgment was entered on March 27, 2008. Mr. Plummer asserted no other basis for jurisdiction, so the court denied the motion to reopen and his motion for attorney fees.

Mr. Plummer's amended petition to reopen characterizes the nature of his claim as one to enforce the second of two attorney fee agreements against his client, Kathy Jo Depoy, but asserts no new basis for jurisdiction. He simply

reasserts a position already rejected by the court, contending that the court has jurisdiction to award fees under 42 U.S.C. § 406(b)(1) and citing as authority Hodges-Williams v. Barnhart, 400 F.Supp.2d 1093 (N.D. Ill. 2005). But Hodges was a Title II disability insurance benefit case to which § 406(b) clearly applies, *see* Howard v. Bowen, 823 F.2d 185, 186-187 (7th Cir. 1987). As the court noted in its earlier order, there is no reference to § 406(b) or a comparable provision in Title XVI of the Social Security Act, id., and the court's original jurisdiction under 42 U.S.C. § 1383(c) ended when the court issued its March 26, 2008 decision reversing and remanding the case and final judgment was entered. *See* Richmond v. Chater, 94 F.3d 263, 266-270 (7th Cir. 1996); Damato v. Sullivan, 945 F.2d 982, 986-987 (7th Cir. 1992). Mr. Plummer's contract claim against Ms. Depoy is a matter of state law, not federal, and there appears to be no basis for diversity jurisdiction.

Accordingly, the amended petition to reopen this case for the purposes of filing a request for attorney's fees [Doc. No. 26] is DENIED.

SO ORDERED.

ENTERED:   January 7, 2010

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court